|   |   |
|---|---|
| **DAVID SHARPE AND CAROL SHARPE,** Plaintiff, v. **WHIDBEY ISLAND PUBLIC HEALTH DISTRICT,** Defendant. | CASE NO. 2:21-CV-99-DWC ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND SANCTIONS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Defendant, Whidbey Island Public Health District's (Defendant), Motions for Summary Judgment (Dkt. 9) and Sanctions (Dkt. 15). Plaintiffs, David Sharpe and Carol Sharpe (Plaintiffs), object to both motions. Dkt. 12, 17[1]. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the

---

[1] Plaintiffs also filed a Surreply to Defendant's Response to Plaintiff's Response to Defendants [sic] Motion for Summary Judgment. Dkt. 14. The Court's local rules do not permit a surreply to a summary judgment motion as a matter of course. *See* Local Civil Rule (LCR) 7(b). A surreply requesting to strike matters from a reply is the sole exception—but the surreply must not exceed three pages and "shall be strictly limited to addressing the request to strike." LCR 7(g). "Extraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2). Accordingly, this Court will not consider Plaintiffs' surreply (Dkt. 14) as they did not request leave to file it, and it makes no reference to striking matters in the record.

parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 8. For the reasons discussed below the motions are granted.

## BACKGROUND

I.  Factual Background

Plaintiff, David Sharpe, is a former employee of Defendant[2]. Dkt. 7 at 1. On or around June 16, 2006, he began working as an Emergency Department Nurse for Defendant, where he continued to work until November 17, 2017, when he took a medical leave of absence. Dkt. 7 at 3. At the time his leave of absence began, Mr. Sharpe was facing disciplinary investigations into several on-the-job behavioral issues, including: (i) an investigation relating to telling the Emergency Department (ED) Manager (his direct supervisor) to "shut the f*ck up"; (ii) an investigation relating to arguing with, and bullying the ED Manager during a meeting; and (iii) an investigation relating to a patient complaint regarding Mr. Sharpe being rude and unkind to the patient. Dkt. 11 at 16-18.

On November 17, 2017, Mr. Sharpe submitted a doctor's note asking that he be excused from work for two weeks for medical reasons. Dkt. 10 at 14. That same day Mr. Sharpe's union representative (Union Rep) emailed Defendant's Chief Human Resources Officer (HR), stating that the investigation into the aforementioned conduct would need to be postponed due to Mr. Sharpe's medical leave for PTSD. Dkt. 11 at 179-180.

---

[2] It is unclear why Carol Sharpe is named in this case. According to Defendant, Carol Sharpe does not have any cognizable cause of action relating to Mr. Sharpe's former employment at Whidbey Health. Dkt. 9 at 2.

His Family Medical Leave Act[3] (FMLA) leave of absence was approved through March 1, 2018. Dkt. 11 at 179. HR then informed Mr. Sharpe's Union Rep that meetings regarding the disciplinary issues would be rescheduled after Mr. Sharpe returned from FMLA. Dkt. 11 at 180.

On December 19, 2017, Mr. Sharpe sent an email to HR, his Union Rep, and others, stating that he was ready to return to work and wanted to "schedule a meeting with you first to help resolve some issues to facilitate that." Dkt. 11 at 67. HR responded that it would happily meet with Mr. Sharpe after he returned from his FMLA leave of absence. Dkt. 11 at 68. Thereafter, Mr. Sharpe remained on leave through January 24, 2018. Dkt. 7 at 4. On January 25, 2018, HR sent Mr. Sharpe a letter regarding the conclusion of his "Family and Medical Leave," including how much time he had left under the FMLA. Dkt. 11 at 69.

On January 26, 2018, Defendant placed Mr. Sharpe on paid administrative leave to allow time for a meeting "to listen to [his] perspective on [his] needs going forward and any accommodations [he] might wish to request…". Dkt. 11 at 187. That meeting was held on January 30, 2018, during which Mr. Sharpe made suggestions for Defendant to implement systematic and structural changes to its business, though he did not request any individual accommodations relating to any limitation caused by his alleged PTSD[4]. *See e.g.* Dkt. 11 at 172. Mr. Sharpe also indicated that he could not return to work under the current Emergency Department Manager, with whom he did not get along. Dkt 11 at 23. Defendant kept Mr. Sharpe on paid administrative leave pending the outcome of the unresolved disciplinary issues.

---

[3] The FMLA provides job security to employees who must be absent from work because of their own illnesses, to care for family members who are ill, or to care for new babies. 29 U.S.C. § 2612.

[4] In his Complaint, Plaintiff states that he did make "several requests for accommodations to alleviate his PTSD." Dkt. 1 at 6. However, he does not outline what these alleged requests were. Instead he simply alleges that they were rejected by Defendant, who stated, "that's not how we choose to do things." *Id*.

Another meeting was held on February 13, 2018, where the disciplinary issues were partially addressed, but still not resolved. Dkt. 11 at 20-23. A little over a week later, Mr. Sharpe resigned. Dkt. 10 at 36. Plaintiffs claim Mr. Sharpe was constructively terminated on or about March 7, 2018. Dkt. 1 at 7.

On March 1, 2018, ten days after his resignation, Mr. Sharpe's first attorney alleged that Defendant committed an FMLA violation and had retaliated against Mr. Sharpe. Dkt. 10 at 45-47. On July 30, 2018, his second attorney sent another demand letter that again explicitly alleged violations of the FMLA and retaliation. *Id*. at 49-55.

In October 2019, Plaintiff's third (and current) attorney filed the state court complaint alleging violations of the state counterpart to FMLA—the Washington Family Leave Act (WFLA)—but did not include an FMLA claim. Dkt. 11 at 71-83. Nevertheless, during discovery Plaintiffs produced a document labeled, "My Notes," which detailed Mr. Sharpe's version of events in his own words. Part of that production set included a document titled "HR/Admin Issues," which referred to Mr. Sharpe's belief that Whidbey Health had violated the FMLA. Dkt. 16 at 16-17. Then, during his deposition Mr. Sharpe referred to the FMLA a number of times. Dkt. 11 at 7, 8, 17, 19, 24. Additionally, in Mr. Sharpe's declaration in opposition to defendant's state court motion for summary judgment he refers to his FMLA rights. Dkt. 11 at 163-178.

II. Procedural Background

Plaintiffs first sued Defendant in Island County Superior Court[5], alleging five claims, including statutory claims under the Washington Family Leave Act (WFLA) and Washington Law Against Discrimination (WLAD) relating to the failure to reinstate and, a common law

---

[5] This case previously came before this Court on Defendant's Notice of Removal. *See* 2:19-cv-01627-DWC. On October 23, 2019, this Court granted the parties' stipulated Motion to Remand to state court.

claim for wrongful discharge in violation of public policy relating to the alleged retaliation for taking protected leave. Dkt. 11 at 71-83.

On October 19, 2020, the Hon. Vickie Churchill granted Defendant's Motion for Summary Judgment and dismissed with prejudice all of Plaintiffs' causes of action. Dkt. 11 at 236-37. Plaintiffs did not appeal.

Approximately three months later, on January 25, 2021, Plaintiffs filed the instant case, making the same factual allegations but this time asserting Defendant violated FMLA by failing to reinstate Mr. Sharpe following protected leave and for retaliating against Mr. Sharpe for taking protected leave. Dkt. 1.

On January 29, 2021, Defendant's counsel sent a letter to Plaintiffs' attorney, requesting voluntary dismissal by Plaintiffs on the basis that their claims were barred by res judicata. Dkt. 11Ex. N (Jan. 29, 2021 letter from counsel). The letter warned that Defendant would seek sanctions if Plaintiffs did not move to voluntarily dismiss this case. *Id*. The letter stated in relevant part:

> A reasonable investigation of controlling law makes it plain that [the] federal complaint is barred by the doctrine of res judicata. … [T]he Ninth Circuit has held that imposition of sanctions are appropriate when a reasonable investigation would reveal that a claim is barred by res judicata … If a voluntary dismissal has not been accomplished by February 8, 2021, we will promptly move for dismissal and seek sanctions. … [I]f you have or become aware of controlling law which shows res judicata is inapplicable, please forward it to me before February 8, 2021 so we may consider it.

Plaintiffs did not respond to that letter, but did send Defendant a notice of intent to seek default if Defendant did not file an Answer. Dkt. 11 at 248-249.

On March 30, 2021, Defendant filed a Motion for Rule 11 Sanctions. Dkt. 15. Defendant served the motion upon Plaintiffs more than 21 days prior to filing, thereby providing Plaintiffs

with a final opportunity to withdraw this case prior to this Court's disposition. Dkt. 11 at 240-241.

Plaintiff opposes both pending motions. Dkt. 12, 17.

DISCUSSION

I. **Motion for Summary Judgment**

   A. Arguments

Defendant argues that Plaintiffs' claims are barred by the doctrine of res judicata. Dkt. 9 at 2. Defendant contends that Plaintiffs and their counsel were aware of Mr. Sharpe's FMLA claim before and during their state court case, so they could and should have raised it at the same time they raised their substantively similar WFLA claim. *Id*. at 2. According to Defendant, the FMLA claim involves the same parties, subject matter, nucleus of facts, witnesses, and evidence as the state action, mandating the application of res judicata under Washington law. *Id*.

Plaintiffs argue that the doctrine of res judicata does not apply because the Island County Superior Court did not have jurisdiction over, and therefore could not have rendered a final judgment on the merits of, his WFLA claim pursuant to RCW 49.78, because the legislature repealed RCW 49.78 "without preserving pending cases and without a savings clause." Dkt. 12 at 2. Thus, according to Plaintiffs, the Island County Superior Court's ruling as to that claim is moot. Dkt. 12 at 3. In addition, Plaintiffs inconsequentially assert that they were not required to bring their federal claim in state court if they did not want to. Dkt. 12 at 7.

Defendant counters that Plaintiffs do not dispute any material fact presented by this Motion for Summary Judgment, including that the Island County Superior Court dismissed with prejudice their state court case against Defendant (which included virtually identical factual and legal claims). Dkt. 13 at 1. Defendants urge this court to reject Plaintiff's argument that the

Island County Superior Court could not have made the prerequisite ruling on the merits of its WFLA claim, for many reasons, not the least of which is that Plaintiff's actually argued in state court (in their briefing and at oral argument), that the state court *should* exercise subject matter jurisdiction over their WFLA claim. Moreover, Plaintiff did not seek a motion for clarification or to reconsider, and did not appeal the state court's order of dismissal. Dkt. 13 at 5.

B. <u>Standard of Review</u>

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

C. <u>Analysis</u>

The question presented by this motion is whether there exists a material question that the doctrine of res judicata bars Plaintiffs' FMLA claim.

In the federal courts, the doctrine of res judicata arises from the Full Faith and Credit Clause of the United States Constitution. The statute implementing the Full Faith and Credit Clause requires federal courts to give state court proceedings "the same full faith and credit ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 80 (1984); *Robi v. Five Platters, Inc.,* 838 F.2d 318, 322 (9th Cir.1988).

To determine whether a state decision precludes a party from litigating a claim or issue, federal courts must apply the res judicata rules of the state court in which the prior judgment was rendered. *Migra*, 465 U.S. at 81; *Robi*, 838 F.2d at 322. In the case at bar, Defendant asserts that Plaintiffs' claims are precluded by a Washington state court action. Accordingly, this Court must apply Washington's res judicata rules.

i. **Threshold Requirement**

Washington law proscribes filing two separate lawsuits based on the same event. *Ensley v. Pitcher*, 152 Wash.App. 891, 898-99 (2009), *review denied*, 168 Wash.2d 1028 (2010). "Res judicata applies to matters that were actually litigated and those that 'could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding.' " *DeYoung v. Cenex Ltd.*, 100 Wash.App. 885, 891–92 (2000) (quoting *Kelly–Hansen v. Kelly–Hansen*, 87 Wash.App. 320, 328–29 (1997)), *review denied*, 146 Wash.2d 1016 (2002). Res judicata is intended to prevent piecemeal litigation and to ensure the finality of judgments. *Spokane Research & Defense Fund v. City of Spokane*, 155 Wash.2d 89, 99 (2005).

The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit. *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 625 (2016) (*Hisle v. Todd Pac. Shipyards Corp.*, 151 Wash.2d 853, 865 (2004)). A grant of summary judgment at a prior

proceeding is considered a final judgment on the merits. *DeYoung*, 100 Wash.App. at 892, 1 P.3d 587.

Here, the Island County Superior Court granted Defendant's Motion for Summary Judgment on all of Plaintiffs' claims, with prejudice. Dkt. 11 at 236-237. Although the state court's order does not include written findings of fact or conclusions of law, there is no basis before this Court to conclude the Island County Superior Court determined that it lacked subject matter jurisdiction over Plaintiff's WFLA claim, as Plaintiffs argue for the first time in this forum. Dkt. 14 at 1-2. The court's order states:

1. Defendant's Motion for Summary Judgment is GRANTED.
2. Any and all claims herein by Plaintiffs against, or based upon the conduct of, Defendant Whidbey Island Public Hospital District are DISMISSED WITH PREJUDICE.

Dkt. 11 at 236-237.

Contrary to Plaintiffs counsel's sworn declaration to this Court that he "reviewed the legal ramifications of the repeal of RCW 49.78 and determined the repeal removed all jurisdiction of the State Court and as a result removed its power to render findings and adjudications under RCW 49.78, (Dkt. 20 at 2), Plaintiffs' counsel actually insisted to the state court that it had jurisdiction of the RCW 49.78 claim, arguing that the repeal of RCW Chapter 49.78 did not eliminate a vested right and that the current version of the WFLA (RCW Chapter 50A) provided Plaintiffs an avenue for relief. Dkt. 11 at 146-151. Defendant took the position that Plaintiff's claim should be dismissed because RCW Chapter 49.78 had expired (Dkt. 11 at 191-194) so the court should dismiss it with prejudice. Plaintiff argued that the court should permit Plaintiff to proceed under the current version of the WFLA (RCW Chapter 50A) even

though Plaintiff failed to seek leave to amend their complaint. Dkt. 11 at 216-218. At no point did either party call into question the state court's subject matter jurisdiction to decide the question.

Notably, RCW Chapter 50A explicitly vests subject matter jurisdiction upon Washington's superior courts with respect to claims based on alleged violations of its provisions. According to RCW 50A.40.040(2), "any action" for damages "must be filed with a court of competent jurisdiction within the state." That grant of jurisdiction by the Washington Legislature was effective June 11, 2020, months prior to Defendant's motion for summary judgment and the Island County Superior Court's order of dismissal.

In sum, this Court finds that pursuant to RCW 50A.40.040(2), at the time of its October 19, 2020 order the Island County Superior court had subject matter jurisdiction over Plaintiff's WFLA claim. But even assuming, *arguendo*, that the state court did not properly exercise jurisdiction over the WFLA claim, the state court's subject matter jurisdiction over Plaintiff's remaining claims is not disputed by Plaintiffs, and those claims were also based upon the same event that gives rise to Plaintiff's FMLA claim. Thus, this Court finds that Plaintiff's FMLA claim could have, and should have, been raised in the prior state court action.

**ii.    Washington Test**

Satisfied that the threshold requirements for res judicata to apply have been met, this Court turns to the Washington Supreme Court's four fact-specific requirements. *Williams v. Leone & Keeble, Inc.,* 171 Wash.2d 726, 730 (2011). Under Washington law, res judicata applies and bars the subsequent action where there is a concurrence of identity in (a) subject matter, (b) cause of action, (c) persons and parties, and (d) quality of the persons for or against whom the claim is made. *Id.* at 730.

a. Subject Matter

The first requirement—whether the two actions involve the same subject matter—is met. Mr. Sharpe's former employment with Defendant is the subject matter of both the state and federal cases. In both actions Mr. Sharpe sought/seeks damages for Defendant's alleged failure to reinstate him and for retaliating against him for taking medical leave.

b. Cause of Action

The second requirement—whether there is an identity in the causes of action presented in the federal case and in the state case—is also met.

Washington courts determine concurrence of identity of cause of action by examining: (i) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (ii) whether substantially the same evidence is presented in the two actions; (iii) whether the suits involved infringement of the same right; and (iv) whether the two suits arise out of the same transactional nucleus of facts. *Pederson v. Potter*, 103 Wn. App. 62, 72 (2000).

Defendant's rights and interests established in the state court action would clearly be destroyed or impaired by the prosecution of this action because the state court's grant of summary judgment to Defendant on Plaintiffs' employment discrimination claims should have protected Defendant from further liability over such claims.

The same core facts are alleged in both claims, and no new facts are alleged in this federal action that were not alleged in the state court action. As Defendant points out, both complaints contain verbatim, or nearly verbatim, language, such as:

///

///

| State complaint | Federal complaint | Plaintiffs' Allegation |
|---|---|---|
| ¶ 3.43 | ¶ 3.13 | Mr. Sharpe received a doctor's note excusing him from work and recommended he consult with a mental health therapist. |
| ¶ 3.44 | ¶ 3.14 | Mr. Sharpe requested a medical leave of absence and went on leave. |
| ¶ 3.46 | ¶ 3.16 | Mr. Sharpe saw a counselor who preliminarily diagnosed PTSD. |
| ¶ 3.47 | ¶ 3.18 | Plaintiff had another appointment with his counselor, who diagnosed PTSD and depression. |
| ¶ 3.54 | ¶ 3.27 | Whidbey Health's former HR Director Cindy Paget rejected Mr. Sharpe's accommodation requests. |
| ¶ 3.55 | ¶ 3.28 | Paget stated, "there seems to be a lot less angst in the ED when you are not there," and, "We don't think you should return to the ER given your diagnosis of PTSD." After the meeting, the leave was unilaterally extended by Paget. |

Dkt. 9 at 10. Defendant avers that the same evidence will be presented in this case as was presented in state court, and Plaintiffs do not dispute this assertion. Dkt. 9 at 20.

The FMLA claim in this case relates to infringement of the same rights cumulatively protected by the WFLA, WLAD, and Wrongful Discharge claims asserted in the state action (i.e. the right to be reinstated following protected leave and to be free of retaliation for taking protected leave).

The same transactional nucleus of facts undergirds both the state and federal actions. Both complaints allege Defendant failed to reinstate Mr. Sharpe after he took a protected leave of absence, and also retaliated against him because he asserted his right to that protected leave of absence. Again, Plaintiffs do not allege any new facts in the case at bar.

In sum, this Court finds there is concurrence of identity in the causes of action presented in the state and federal cases.

    c. Persons and Parties

The parties are identical in both the state and federal actions.

      d. Quality of Persons

Since the parties are identical in both the state and federal actions, the quality is also identical. *Pederson*, 103 Wash.App. at 73 ("Because the parties are identical, the quality of the persons is also identical.").

In sum, having reviewed the pleadings, supporting evidence, and relevant law, this Court finds no question of material fact remains to be decided by a trier of fact because Plaintiffs' claims are barred by res judicata.

## II. **Motion for Rule 11 Sanctions**

Defendant argues that Plaintiff counsel's choice to file this case was frivolous and should be sanctioned pursuant to Fed. R. Civ. P. (Rule) 11, by awarding Defendant's attorney fees and costs incurred in litigating this case. Dkt. 15. According to Defendant, a reasonable attorney considering a second action on behalf of the same plaintiffs against the same defendant relying on virtually identical factual and legal allegations and evidence would inquire and consider whether res judicata bars the second action. Dkt. 15 at 10-14. Defendant therefore urges this Court to find that Plaintiffs' attorney's failure to conduct this reasonable inquiry, and choice to file a legally baseless complaint, violate Rule 11(b)(2) & (3).

According to Plaintiff's counsel, he conducted a reasonable inquiry into both the facts and the law which "showed that the Washington Legislature had repealed RCW 49.78 preserving no rights for pending lawsuits," and therefore "the State Court no longer had subject-matter jurisdiction over Plaintiffs' Washington Family Leave Act claim." Dkt. 17 at 2. Thus, according to Plaintiff's counsel, he concluded that "the State Court could make no final judgments on the merits," so its order granting summary judgment "is void [as to the RCW 49.78 claim] and can be collaterally attacked at any time." Dkt. 17 at 2.

Finally, Plaintiffs' counsel requests cross-sanctions against Defendant for the cost of defending himself against Defendant's motion for sanctions. Dkt. 17 at 4.

A.  Standard

Rule 11 sanctions may be imposed "when a filing is 'frivolous,' meaning that it is 'baseless and made without a reasonable and competent inquiry.'" *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir. 1990).

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

"Imposition of sanctions is appropriate [w]hen a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel." *Madison-Hamim v. Time Life Libraries, Inc.*, No. C04-2418L, 2005 WL 1458691 at *2 (W.D. Wash. June 17, 2005) (ordering pro se, in forma pauperis, plaintiff to pay sanctions of $500, rather than the full amount of defendant's fees as Rule 11 sanction) (quoting *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997)(upholding district court imposition of sanction because a reasonable investigation would have revealed that the Section 1983 claim was barred by the statute of limitations).

A sanction award is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(b)(4). A sanction may include reasonable attorney fees and other expenses "directly resulting from the violation." *Id*. Under LCR 11(c), "An attorney or party who without just cause fails to comply with any of the Federal

ORDER GRANTING DEFENDANT'S MOTIONS
FOR SUMMARY JUDGMENT AND SANCTIONS
- 14

Rules of Civil … Procedure … or who presents … unwarranted opposition to motions … may … be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate."

B. <u>Discussion</u>

Having determined that Plaintiffs' FMLA claim is barred by res judicata, this Court must next determine if Defendant's Motion for Rule 11 sanctions is meritorious. While Plaintiff's counsel avers that he undertook a reasonable, good-faith pre-suit inquiry, the operative standard is an objective one. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 549, 554 (1991) (imposition of sanctions is determined by the reasonableness of inquiry into the law and facts).

Plaintiff's counsel provides no analysis in fact or law to contest the applicability of res judicata. *See Estate of Blue*, 120 F.3d at 985; *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.2002) (affirming imposition of sanctions where second action involved the same parties and "transactional nucleus of fact" as the first suit and sought "to relitigate issues that were conclusively resolved in the prior suit"). To be sure, Plaintiff's counsel does not cite a single case in support of his conclusion that the state court lacked jurisdiction over the WFLA claim, nor does he address the question of subject matter jurisdiction over the remaining claims. Plaintiff's counsel also fails to address the fact that before the state court he took the position that it absolutely did have subject matter jurisdiction over all claims.

Moreover, Plaintiff's counsel fails to refute Defendant's argument that the state court's jurisdiction cannot be collaterally attacked. Dkt. 13 at 4 (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not … reopen that question

in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." Citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371 (1940) and *Stoll v. Gottlieb*, 305 U.S. 165 (1938)).

In sum, if Plaintiff's counsel had conducted basic research before filing this case he would have discovered that his belief that res judicata does not apply here has no basis in fact or law. Consequently, this Court finds that Plaintiff's counsel violated Rule 11(b)(2) and (b)(3).

Defendant asks this Court to impose sanctions in the amount of its attorney fees and costs associated with drafting and filing (1) an answer, (2) a motion for summary judgment, (3) a reply in support of the motion for summary judgment, (4) the motion for sanctions, and (5) a reply in support of the motion for sanctions. Dkt. 15-1 at 5. The Court's authority to impose Rule 11 sanctions is discretionary. Rule 11(c)(1) ("[T]he court may impose an appropriate sanction."). Courts consider many factors in deciding whether to impose sanctions, including:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Rule 11 advisory committee's note to 1993 amendment. This Court is particularly mindful of the need to limit any sanction "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4).

Considering these factors, the Court imposes a sanction of $750 against Plaintiffs' counsel. While such amount pales in relation to the total fees and costs incurred by Defendant in

this matter, the Court considers this amount sufficient to deter Plaintiffs' counsel from similar actions in future cases and to deter similar activity by other litigants.

Finally, Plaintiffs' counsel's request for Rule 11 counter-sanctions against Defendant (Dkt. 17 at 4) is denied. It violates the requirements of Rule 11(c)(2) that it be made separately, it is unaccompanied by certification that it complied with Rule 11's safe harbor requirement by providing Defendant with a copy of the motion 21 days before filing it with the court, and it is devoid of merit.

## CONCLUSION

Defendant's Motion for Summary Judgment (Dkt. 9) is GRANTED. Defendant's Motion for Sanctions (Dkt. 15) is also GRANTED and Plaintiff's counsel is directed to pay Defendant's counsel $750 within 60 days of today's date. Defendant's Cross-Motion for Sanctions (Dkt. 17) is DENIED with prejudice.

Dated this 25th day of May, 2021.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge